Mary Eileen Kilbane, Administrative Judge,
dissenting.
{¶ 20} I respectfully dissent from the majority’s decision and would uphold the search.
{¶ 21} The majority acknowledges that when a gun is fired at the scene of the crime, officers can be justified in acting quickly. This principle is rooted in the notion that “ ‘effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information.’ ” United States v. Hensley (1985), 469 U.S. 221, 231, 105 S.Ct. 675, 83 L.Ed.2d 604, quoting United States v. Robinson (C.A.9, 1976), 536 F.2d 1298, 1299.
{¶ 22} The majority also acknowledges this court’s decision in State v. Morgan, 8th Dist., No. 94371, 2010-Ohio-5013, 2010 WL 4018923, but finds it factually distinguishable because the description in Morgan was much more specific than the description in the instant case. I disagree.
{¶ 23} In Morgan, this court upheld the denial of a motion to suppress evidence when a police officer, who had responded to a call of shots fired, received information from an identified citizen and stopped a black Cadillac moments later. The officer was asked at the suppression hearing “if there was anything specific ‘that would set this black Cadillac apart from all the scores of other black Cadillacs that you would perhaps see on your route.’ [He] responded, ‘It was the first one we came across. Other than that, there was nothing special.’ ” Id. at ¶ 14.
{¶ 24} Just like in Morgan, in the instant case, the officers stopped the first African American male and female they observed, and they did not point to *724 anything specific that set Stewart apart from other individuals on their route. One of the officers testified that Stewart was a person of interest because he was the first African American male with an African American female they observed and that Stewart “matched an approximate height and weight.” The officer further testified they “were going to check out anybody that was out at that hour.”
{¶ 25} When the officers approached Stewart and asked him whether he had any weapons on him, Stewart looked left, then looked right. This furtive movement prompted the officer to pat down Stewart for safety. The officers were concerned when Stewart did not immediately respond to the question “Do you have a weapon?” because they had just left the shooting scene only minutes earlier, which was approximately three blocks away, and Stewart matched the description of the possible suspect.
{¶ 26} This court has found that “a report of recent gunshots must be taken into consideration under the totality of the circumstances test.” State v. Johnson (Oct. 23, 1997), Cuyahoga App. Nos. 71249 and 71250, 1997 WL 661882. In Johnson, this court reversed the trial court’s grant of a motion to suppress evidence when the police stopped a car within ten minutes of receiving the tip that gunshots were fired from a yellow car. We emphasized the fact that “the report was for more than just guns, it was for gunshots recently fired.” (Emphasis sic.) On the other hand, with a tip concerning only drugs, “mere corroboration of neutral details is insufficient to satisfy the Fourth Amendment for an investigatory stop.” Id.
{¶ 27} Thus, I would find that Stewart’s actions, together with the close proximity in time and space of the recent shooting, was sufficient to justify the officers’ investigative stop and subsequent pat-down.
{¶ 28} Accordingly, I would find that the trial court properly denied Stewart’s motion to suppress.